CENTER FOR DISABILITY ACCESS
Dennis Price, Esq., SBN 279082
Mark Potter, Esq., SBN 166317
Prathima Price, Esq. SBN 321378
David Ratner, Esq. SBN 316267
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez,** | Case No. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Geary St. Motel Investments, Inc.**, a California Corporation; **G6 Hospitality, LLC**, a Delaware Limited Liability Company; and Does 1-10, | |
| Defendants. | |

1

Complaint

Plaintiff Andres Gomez ("Plaintiff") complains of Geary St. Motel Investments, Inc., a California Corporation; G6 Hospitality, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.   Plaintiff is a visually-impaired individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff is legally blind[1] and cannot use a computer without assistance of screen-reader software ("SRS") Plaintiff uses JAWS SRS to access the internet and consume website content using his computer as well as websites and applications on mobile devices.

2.   Defendant Geary St. Motel Investments Inc. owned or operated the Motel 6 ("Motel") located at or about 895 Geary Street, San Francisco, California, in May 2019.

3.   Defendant Geary St. Motel Investments Inc. owns and/or operates the Motel located at or about 895 Geary Street, San Francisco, California, currently.

4.   Defendant G6 Hospitality LLC. owned or operated the Motel's website in May 2019.

5.   Defendant G6 Hospitality LLC. owns or operates the Motel's website currently.

6.   Plaintiff does not know the true names of Defendants, their business

---

[1] Plaintiff uses the terms "visually-impaired" or "blind" interchangeably to refer to individuals, including himself, who meet the legal definition of blindness. (visual acuity of 20/200 or worse.) Some individuals who meet these criteria have no vision, others have limited vision.

Complaint

capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")

8.   This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claims are formed from the same case and/or controversy and are related to Plaintiff's ADA claims. A violation of the ADA is a violation of Unruh. (Cal. Code §51(f).

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Plaintiff is a resident of the district, Defendant is subject to personal jurisdiction in this District due to its business contacts with the District, and a substantial portion of the of the complained of conduct occurred in this District.

**FACTUAL ALLEGATIONS:**

10. The Motel is a "brick and mortar" facility in San Francisco, California open to the public, a place of public accommodation, and a business establishment.

11. The Motel offers websites and digital booking as some of the facilities, privileges, and advantages offered by Defendants to patrons of the Motel in

Complaint

connection with their patronage at the Motel[2].

12. Among the services offered include: details about rooms and the Motel itself, location and contact information, Motel policies, information about rates and availability and offers the ability to quickly book a room without any ambiguity as to the amenities that would be available to the patron.

13. Plaintiff was a prospective customer who wished to access Defendant's goods and services and stay at the Motel.

14. Plaintiff visited the Motel's website multiple times in May 2019 with the intent to reserve a room in which he and a companion could stay for a trip to San Francisco.

15. Plaintiff cannot use a computer without the assistance of screen reader software. ("SRS").

16. Plaintiff is a legally blind person and a member of a protected class under the ADA. Plaintiff is proficient with and uses SRS to access the internet and read internet content on his computer and mobile devices.

17. When Plaintiff attempted to utilize the Motel's website he encountered numerous accessibility areas, including but not limited to:

    a. Lack of a button/link/function to adjust the website format to one that is fully readable by SRS and/or to adjust the font.

    b. Numerous images on the website lack a text equivalent readable by SRS.

    c. The website contains script elements that are not identified with functional text readable by SRS.

    d. The website lacks a method to permit users to skip

---

[2] This website could be accessed at: https://www.motel6.com/en/motels.ca.san-francisco.4330.html as of May 2019

4

Complaint

repetitive navigation links, or "skip navigation."

    e.  The website contains empty and redundant links resulting in additional and inefficient navigation by SRS users.

    f.  The organizational system of the tab index has not been arranged in an intuitive or logical manner to facilitate successful navigation by users of SRS.

    g.  The visualization of the webpage contains contrast errors such that the visual presentation is less than 4.5:1.

    h.  The Motel's website lacks information stating if the Motel provides auxiliary aids to assist visually impaired individuals inside the Motel.

    i.  The Motel's website lacks information indicating if the bathroom has proper signage and accessibility for visually impaired individuals.

18. Despite multiple attempts to access Motel6.com using his computer and mobile device, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered by Motel6 and Motel6.com as a result of the accessibility barriers on Motel6.com.

19. Plaintiff personally encountered these barriers and has actual knowledge of them.

20. Currently, the defendants either fail to provide an accessible website or defendants have failed to maintain in working and useable conditions those website features required to provide ready access to persons with disabilities.

21. By failing to provide an accessible website, the defendants denied the plaintiff full and equal access to the facilities privileges or advantages offered to their customers.

22. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

23. If the website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the website and reserve a room for his trip to San Francisco.

24. Additionally, Plaintiff is a tester in this litigation and seeks future compliance with all federal and state laws.

25. Plaintiff will return to the Motel's website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that the Motel, its website, and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

26. The barriers identified above violate easily accessible, well-established industry standard guidelines for making websites accessible to people with visual-impairments that use SRS to access websites. Given the prevalence of websites that have implemented these standards and created accessible websites, it is readily achievable to construct an accessible website without undue burden on the Motel or a fundamental alteration of the purpose of the website.

27. Compliance with W3C Web Content Accessibility Guidelines ("WCAG") 2.0 AA standards are a viable remedy for these deficiencies and a standard that has been adopted by California courts for website accessibility.

28. It's been established that failure to remove these inaccessible conditions violates the ADA and California law and requiring compliance with industry access standards is a remedy available to the plaintiff.

29. The website was intentionally designed, and based on information and belief, it is the Defendants', policy and practice to deny Plaintiff access to the Motel's website, and as a result, deny the goods and services that are otherwise

Complaint

available to patrons of the Motel.

30. Due to the failure to construct and operate the website in line with industry standards, Plaintiff has been denied equal access to Defendant's Motel and the various goods, services, privileges, opportunities and benefits offered to the public by the Motel.

31. Given the nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the website, and/or at the Motel, that relate to his disability. Plaintiff intends to seek removal of all barriers on the website and at Motel that relate to his disability. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

32. Plaintiff will amend the complaint, to provide further notice regarding the scope of the demanded remediation once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

33. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Motel is a public accommodation with the definition of Title III of the ADA, 42 USC § 12181.

34. The website provided by the Motel is a service, privilege or advantage of the Motel's brick and mortar facility.

35. When a business provides services such as a website, it must provide an

Complaint

accessible website.

36. Here, accessible an accessible website has not been provided.  A failure to provide an accessible website is unlawful discrimination against persons with disabilities.

37. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

38. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

39. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal.

8

Complaint

Civ. Code §51(b).

41. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

42. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

43. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

44. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the requirements of the ADA due to Defendants' failures to take action to ensure that its websites are fully accessible to and independently usable by blind and visually-impaired individuals.

2. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction enjoining Defendants from violation the ADA with respect to its website.

Complaint

3. Damages under the Unruh Civil Rights Act § 51[3], which provides for actual damages and a statutory minimum of $4,000 for each offense.

4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: August 10, 2019          CENTER FOR DISABILITY ACCESS

By: _____

          Mark Potter, Esq.
          Attorney for plaintiff

---

[3] Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

10

Complaint